UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:01-CR-67 |
| ) | |
| DEWAYNE LEWIS, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Defendant, Dewayne Lewis ("Lewis") is before the court for resentencing pursuant to the Seventh Circuit's mandate in *United States v. Lewis*, 405 F.3d 511 (7th Cir. 2005), wherein the appellate court affirmed Lewis's conviction but vacated the sentence and remanded for resentencing consistent with *United States v. Booker,* 125 S.Ct. 738 (2005). Upon receipt of the mandate, the undersigned directed the parties to file sentencing briefs setting forth their positions as to the sentence to be imposed. Lewis filed his brief on August 22, 2005 to which the Government responded on September 6, 2005. Lewis's counsel indicated to the court on September 27, 2005 that no reply was forthcoming. For the following reasons, the court will impose a sentence of 63 months imprisonment.

**Factual Background**

The facts of this case have been set out in detail in the Seventh Circuit's opinion, 405 F.3d at 511-513. For present purposes it suffices to say that on January 15, 2002, a jury convicted Lewis of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A presentence investigation report was prepared and the undersigned, after reviewing the report, holding several

1

hearings, and resolving numerous objections to the report,  sentenced Lewis to 70 months imprisonment, the mid range of the then-mandatory guideline range.  Lewis's guideline range of 63-78 months was based upon a total offense level of 20 and a criminal history category of V.  Lewis's criminal history, as noted by the court, was particularly violent and, as a result, the court opted to sentence him in the mid-range of the guidelines.

On remand, Lewis recognizes the now-advisory nature of the guidelines and requests a departure under *Booker* from the advisory guideline range to a sentence of 48 months.  He makes no argument, (and indeed, it would be a fruitless one as the Seventh Circuit has already foreclosed this point)[1] that the original guideline range was not appropriately calculated.  Thus, the sole issue presented to the court is whether the factors in 18 U.S.C. §3553(a) are present to such an extent that a departure from the advisory guideline range is warranted.  It is to this argument that the court now turns.

## DISCUSSION

"The Supreme Court's decision in *Booker* requires the sentencing judge first to compute the guidelines sentence just as he would have done before *Booker,* and then--because *Booker* demoted the guidelines from mandatory to advisory status--to decide whether the guidelines sentence is the correct sentence to give the particular defendant." *United States v. Dean*, 414 F.3d 725, 727 (7th Cir.

---

[1] The Seventh Circuit vacated the sentence based upon a non-constitutional error committed by this court in evaluating the nature of one of Lewis's prior convictions.  The presentence report calculated Lewis's base offense to be 20 because he committed the instant offense subsequent to sustaining a felony conviction for a crime of violence, i.e. robbery.  *See* U.S.S.G. §2K2.1(a)(4)A).  The undersigned upheld that determination but did so by looking at the particular facts of the offense rather than at the elements of the crime under state law or the risks ordinarily associated with robbery.  This violated the rules of *Shepard v. United States*, 125 S.Ct. 1254, 1259-1260 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990).  Nevertheless, the Seventh Circuit concluded that the result remained unchanged because "after all, robbery *always* is a 'crime of violence'" *Lewis*, 405 F.3d at 515.  Thus, the Seventh Circuit's opinion did not alter the guideline range applicable at the time of Lewis's original sentencing.

2005). Once the advisory Guideline range is determined, *Booker* requires consideration of the following factors, set forth at 18 U.S.C. § 3553(a), in formulating sentences under the advisory Guidelines scheme: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; ··· (4) the kinds of sentence and the sentencing range established for ...[the offense]; (5) any pertinent policy statement-(A) issued by the Sentencing Commission. 18 U.S.C. § 3553(a); *Booker,* 125 S.Ct. at 765-66.

In this case, Lewis argues that under the above factors, the court should reduce his sentence below the advisory guideline range to a sentence of 48 months or, alternatively, the court should order the remainder of his original 70 month sentence to be served on home incarceration. To support this assertion, Lewis contends that the underlying crime involved no serious threat of harm or violence,[2] although it did involve possession of a firearm by Lewis (a person prohibited from possessing one). Next, Lewis points out that his adjustment while incarcerated has been exemplary and he has taken seriously his opportunities at rehabilitation so as to prepare himself for life after his release. Lastly, Lewis states that he has three dependent children, ages 13, 12 and 11, who are at critical stages of teenage/pre-teenage development and need the guidance that a father provides.

Having reviewed the arguments in tandem with the §3553(a) factors in this case, it is clear

---

[2]The accuracy of this argument is questionable. There was evidence presented at trial from Shaquandra Williams, a live-in girlfriend of Lewis's, that he threatened her with a gun. This was corroborated by Malikah Simpson, Williams's friend. Lewis has maintained throughout this case that the two women lied about this and other facts in the case.

that they do not warrant a departure from the advisory guideline range. Lewis has a particularly violent criminal history, especially relating to domestic battery,[3] and the societal interest, in particular, the need to protect the public from further crimes by Lewis, weighs heavily in favor of having Lewis serve the full length of the sentence provided by the guidelines. Further, it is clear from Lewis's criminal record that the sentence established by the advisory guidelines is necessary to promote respect for the law (indeed, Lewis has been a repeat offender) and to provide adequate deterrence to future criminal conduct.

The most critical factor working against Lewis, however, is the interest of society in punishing the severity of the offense. Despite the absence of any actual harm (there appears to have been threatened harm) to any individual at the time Lewis was arrested, Congress enacted federal gun control legislation to "curb crime by keeping 'firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency.'" *Huddleston v. United States,* 415 U.S. 814, 824 (1974) (*quoting* S.Rep. No. 1501, 90th Cong., 2d Sess., 22 (1968)). In *Huddleston,* the Supreme Court noted that Congress was concerned with possession of firearms by individuals "whose possession of weapons would be contrary to the public interest." *Id.* at 828; *United States v. Gillies,* 851 F.2d 492, 494 (1st Cir.1988), *cert. denied,* 488 U.S. 857, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) ("Congress wished...to achieve a crime-control objective, namely, stopping convicted felons from possessing guns."). Further, a conviction under § 922(g) "focuses not on the defendant's reason for possessing a firearm, but on his status that bars him from possessing a firearm or ammunition." *United States v. Crawley,* 213 F.Supp.2d 1250, 1261 (D.Kan.2002).

---

[3] Lewis has two prior convictions for domestic battery. The instant offense appeared to have occurred during a third domestic battery situation.

Here, it is clear that Lewis is precisely the type of individual that Congress intended to prevent from possessing a firearm. Lewis has numerous convictions many of which involve the use of a weapon or threatened use of a weapon. The most serious of these offenses involved a sawed off shotgun  Thus, Lewis clearly has a history of repeatedly, and often violently, offending the law thereby making any departure in this case contrary to the public interest.[4]

Given this conclusion and the considerations listed in the §3553(a) factors, a sentence within the advisory guidelines is appropriate and reasonable in this case. Indeed, the Seventh Circuit has recently indicated that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005),  The Seventh Circuit further advised that while the rebuttable presumption is a deferential standard, *Id.* (citing cases), "it will be a rare Guidelines sentence that is unreasonable." *Id.* Accordingly, the court intends to sentence Lewis within the advisory guideline range of 63-78 months. In formulating where in the guideline range to sentence Lewis, however, the court does acknowledge and take into account Lewis's adjustment in prison. Lewis has submitted detailed records indicating that he has adjusted well in the prison setting, has presented no management problems, has enrolled in a panoply of classes and successfully completed them, and has made efforts to remain in contact with a professor at a local Fort Wayne college so that he may re-enroll

---

[4]Although the hardship on Lewis's dependents is regrettable,  in *United States v. Canoy*, 38 F.3d 893, 906 (7th Cir.1994)), the Seventh Circuit admonished that "disintegration of existing family life is insufficient to warrant a departure, as that is to be expected when a family member engages in criminal activity that results in incarceration," *Canoy,* 38 F.3d 906; *see also United States v. Gaskill*, 991 F.2d 82, 85 (3d Cir. 1993) ("[M]any defendants shoulder responsibilities to their families, their employers, and their communities. Disruptions of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration."). Thus, normal disruptions or hardship in the defendant's family caused by a defendant's incarceration are insufficient to warrant a departure.

5

upon his release from incarceration.  These are all positive steps in the rehabilitation process and, as a result, the court intends to impose a sentence at the low-end of the advisory guidelines range.[5] Such a sentence is a reasonable sentence taking into account all the various §3553(a) factors and is a sentence sufficient but not greater than necessary to comport with those factors.

## **Conclusion**

Based on the foregoing, the undersigned intends to impose a sentence at the low-end of the advisory guidelines range of 63-78 months.

SO ORDERED.

This 17th day of October, 2005.

s/ William C. Lee<br>
United States District Court<br>
Northern District of Indiana

---

[5] It is the court's understanding, after consultation with the probation officer, that Lewis will be immediately eligible for work release upon resentencing and thus, he will not be returned to the custody of the Bureau of Prisons.  Lewis is highly encouraged to take full advantage of the work release opportunity and the opportunities at bettering himself that are available to him given his educational background.